996 F.2d 1213
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Thomas Edward WHITE, Defendant-Appellant.
 No. 93-5078.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 7, 1993.
Decided: June 22, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Henry C. Morgan, Jr., District Judge. (CR-92-131-N)
 Michael D. Kmetz, Whitaker & McCormack, Chesapeake, Virginia, for Appellant.
 Kenneth E. Melson, United States Attorney, A. J. Antonellis, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED
 Before HALL, WILKINSON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Thomas Edward White appeals the sentence he received after pleading guilty to one count of escape, 18 U.S.C.A.s 751(a) (West Supp. 1992). He argues that the district court was clearly erroneous in its determination that he had not accepted responsibility* for his offense. We affirm.
 
 
 2
 White was serving a federal sentence at the Rehabilitation Services, Inc., (RSI) facility in Norfolk, Virginia, when he learned that a close relative had died. On February 27, 1992, White was given a one-day furlough to travel to Edenton, North Carolina. He was to return by 11:15 p.m. the same day, but did not. RSI staff called White's home and talked to both White and his wife. They were told that White had missed the bus and was arranging transportation back to Norfolk.
 
 
 3
 On February 28, after RSI staff called White and twice more instructed him to return immediately, White was placed on escape status. The United States Marshal's Office in Norfolk contacted White's wife, who said that White would surrender to them in Norfolk at 8:00 a.m. the following day. However, he did not. The Marshal's Office again called White's wife. She said White would be in Norfolk that evening. He did not appear. Instead, White called and left a message that he could be contacted at what proved to be a non-operational number. On March 6, White was arrested in Edenton.
 
 
 4
 White initially pled not guilty to the escape charge. After a jury had been chosen, he changed his plea to guilty. The probation officer did not recommend a reduction for acceptance of responsibility because White denied having any intent to escape, and maintained that he did not know a failure to return on time would constitute escape. In addition, his account of the sequence of events differed from that of the RSI staff and the marshals. At the sentencing hearing, White argued that he had earned an acceptance of responsibility reduction through his expression of remorse and his guilty plea, and explained that he had remained in Edenton because he experienced difficulty in raising the money for his grandmother's burial. He assured the court that he now recognized his mistake and would not act in the same way again.
 
 
 5
 The district court decided that White had not demonstrated acceptance of responsibility for his criminal behavior. The court noted that White continued to deny that he knew he was breaking the law, and that he had a history of similar behavior. White had prior convictions for failure to appear and bail jumping, and his probation was revoked in 1990 for absconding from supervision while he was residing at RSI.
 
 
 6
 A defendant must show by a preponderance of the evidence that he is entitled to an acceptance of responsibility reduction. United States v. White, 875 F.2d 427 (4th Cir. 1989). We review the district court's factual determination under the clearly erroneous standard, id., and cannot say that the finding in this case is clearly erroneous. White's assertion that he did not know a failure to return would be a criminal violation was inconsistent with the warnings and instructions he received from RSI staff and his own prior experience.
 
 
 7
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual, § 3E1.1 (Nov. 1992)